ENTERED
SEP 1 6 2003

FILED
SEP 1 5 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> THE GOVERNOR OF THE STATE OF ) <br> SOUTH CAROLINA, AND THE ) <br> DIRECTOR OF THE SOUTH CAROLINA ) <br> DEPARTMENT OF NATURAL ) <br> RESOURCES, ) <br> Plaintiffs, ) <br> ) <br> v.     , ) <br> ) <br> BILLABONG II ANS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2  03  2157  18 |

## CONSENT DECREE

Plaintiffs, the United States of America ("United States"), on behalf of the Secretary of the Interior, acting through the United States Fish and Wildlife Service ("DOI/USFWS" or the "Federal Trustee"), and the Governor of the State of South Carolina and the Director of the South Carolina Department of Natural Resources (collectively, the "State Trustees"), are simultaneously filing a complaint (the "Complaint") alleging that defendant Billabong II ANS ("Billabong"), as owner of the Motor Vessel STAR EVVIVA, is liable for civil claims for natural resource damages arising from a spill of fuel oil from the Motor Vessel STAR EVVIVA into the Atlantic Ocean off of the coast of South Carolina on or about January 14, 1999 (the "Spill"). The Federal Trustee and the State Trustees are joint trustees for the natural resources affected by the

1

Spill. There are no other natural resource trustees who have presented claims either to defendant or to the Oil Spill Liability Trust Fund for injury to the natural resources affected by the Spill.

The United States, the State Trustees, and the defendant have consented to the entry of this Consent Decree without trial of any issues, and the United States, the State Trustees, and the defendant hereby stipulate to the Court that in order to resolve the issues stated in the Complaint this Consent Decree should be entered. The United States, the State Trustees, and the defendant assert, and the Court by entering this Decree finds, that the Decree has been negotiated in good faith, and that the Decree is fair, reasonable, and in the public interest.

NOW THEREFORE, it is ORDERED AND DECREED as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, Section 311(n) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(n), and Section 1017(b) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2717(b). This Court also has personal jurisdiction over the defendant for purposes of the present action only. Solely for the purposes of this Consent Decree and the underlying Complaint, defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## II. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States, the State Trustees, and upon defendant and its successors and assigns. Any change in ownership or corporate status of defendant shall in no way alter defendant's responsibilities under this Consent Decree. Each

signatory to this Consent Decree certifies that she or he is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the parties to it. For purposes of the Releases and Covenants Not to Sue in Sections IX and X, the term "Defendant" includes defendant's associated, interrelated, and successor companies, its guarantors and underwriters, and the present and former officers, directors, agents, and employees of the foregoing parties to the extent that their liability arises from actions taken in their official capacities as officers, directors, agents, and employees of these entities, as well as the several vessels owned or operated by the parties, in particular the Motor Vessel STAR EVVIVA, its owners, operators, managers, agents, charterers, officers and crew to the extent that their liability arises from actions taken in their official capacities as owners, operators, managers, agents, charterers, officers and crew, and underwriters.

### III. OBJECTIVES

3. The parties to this Consent Decree agree that settlement of this action without further litigation is in the public interest and that entry of the Consent Decree is the most appropriate means of resolving this action.

4. The defendant does not admit any of the allegations contained in the Complaint filed herein, and neither the defendant's participation in this Consent Decree nor any provision herein shall be construed as an admission of liability for any purpose.

5. By this Consent Decree, the parties intend to settle and resolve all civil claims for natural resource damages related to the Spill within the authority of the parties under applicable federal, state, general maritime, and common law, as well as all costs for damage assessment, transaction, restoration planning, implementation, monitoring, and oversight, and all other costs and damages

associated with natural resource damage claims.

## IV. PAYMENT OF RESTORATION FUNDS

6. Within 30 days of the entry of this Consent Decree, defendant shall pay a total of one million, eight hundred seventy-five thousand, nine hundred forty-six dollars ($ 1,875,946.00) into the 1999 STAR EVVIVA Oil Spill Restoration Account, an account established within the United States Department of the Interior's ("DOI's") Natural Resource Damage Assessment and Restoration Account (the "Restoration Account").

7. The funds paid into the Restoration Account will be held in that account solely for use as agreed by the Federal Trustee and the State Trustees to pay costs incurred for restoring, rehabilitating, replacing, or acquiring the equivalent of the natural resources injured by the Spill. The Federal Trustee and the State Trustees will plan and implement the necessary project(s), pursuant to the relevant statutory authorities and regulations.

8. Defendant shall make the payment identified in Paragraph 6 above by Electronic Funds Transfer ("EFT") through the United States Treasury Department's Automated Clearing House to the DOI account, in accordance with instructions to be provided by DOI. The addenda record for each such transfer shall be annotated " 1999 STAR EVVIVA Oil Spill Restoration Account" and list the name "Billabong II ANS." Upon receipt of the said electronic funds transfer, DOI shall promptly furnish counsel for defendant with a written receipt for payment of the appropriate amount by means of a facsimile transmission directed to defendant's counsel identified in Section VIII (Form of Notice).

9. Defendant shall provide notice of the payment under Paragraph 6 and a copy of the paperwork documenting the EFT to:

<u>United States Department of Justice (DOJ)</u>:
Section Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Referencing DOJ Case No. 90-5-1-1-07114

Overnight mail should be sent to the addressee at:
1425 New York Ave., N.W.
13th Floor
Washington, DC 20005

<u>DOI/USFWS</u>

Department of the Interior
Natural Resource Damage Assessment and Restoration Program
Attn: Restoration Fund Manager
1849 C Street, N.W.
Mailstop 4449
Washington, DC 20240

Diane Duncan
Ecological Services Office
U.S. Fish and Wildlife Service
176 Croghan Spur Rd.   Suite 200
Charleston, SC 29407

Gerald A. Thornton
Nicklas Holt
Office of the Field Solicitor
U.S. Department of the Interior
530 South Gay Street, Room 308
Knoxville, TN 37902

<u>STATE TRUSTEES</u>

Henry J. White
Chief Legal Counsel
Office of the Governor
P.O. Box 12267
Columbia, SC 29211

5

Ed Duncan
Environmental Programs Director
P.O. Box 12559
217 Fort Johnson Road
Charleston, SC 29412-2559

## V. **PAYMENT OF ASSESSMENT COSTS**

10.a. Within 30 days of the entry of this Consent Decree, defendant shall pay the United States ninety-five thousand, two hundred seven dollars ($95,207.00) to reimburse the costs incurred by DOI/USFWS and the Office of the Solicitor of DOI in connection with the natural resource damage assessment undertaken for the Spill. Payment shall be made by Electronic Funds Transfer to the United States in accordance with current electronic funds transfer procedures and instructions for same to be provided to defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of South Carolina (the "FLU") following the entry of this Consent Decree. Defendant shall provide notice of payment, referencing the "1999 STAR EVVIVA Oil Spill", DOJ Case No. 90-5-1-1-07114, and this civil action case name and number to DOI/USFWS and DOJ at the addresses set forth in Section VIII (Form of Notice). Once the FLU receives confirmation of the EFT payment from the DOJ Debt Accounting Operations Group, the FLU shall promptly send defendant a copy of such confirmation by means of a facsimile transmission directed to defendant's counsel identified in Section VIII (Form of Notice).

b. Within 30 days of the entry of this Consent Decree, defendant shall pay the South Carolina Department of Natural Resources ("SCDNR") twenty-eight thousand, eight hundred forty-seven dollars ($28,847.00) to reimburse the costs incurred by the State Trustees in connection with the natural resource damage assessment undertaken for the Spill. Payment shall

be made by means of certified check made payable to the South Carolina Department of Natural Resources and delivered to: Buford S. Mabry, Chief Legal Counsel, South Carolina Department of Natural Resources, P.O. Box 167, 1000 Assembly Street, Columbia, SC 29202. Defendant shall provide notice of payment, referencing the "1999 Star Evviva Oil Spill", and this civil action case name and number to the State Trustees at the addresses set forth in Section VIII (Form of Notice). Upon receipt of the certified check, SCDNR shall promptly furnish counsel for defendant with a written receipt for payment of the appropriate amount by means of a facsimile transmission directed to defendant's counsel identified in Section VIII (Form of Notice).

## VI. STIPULATED PENALTIES

11. If defendant fails to make the payments specified in Section IV (Payment of Restoration Funds) or Section V (Payment of Assessment Costs) when due, defendant shall pay, in addition to the unpaid balance of any amount due under Section IV or Section V, and interest and enforcement expenses in accordance with Section VII (Late Payment/Non-Payment), stipulated penalties of five thousand dollars ($5,000) for each calendar day the payment of the amount specified in Section IV or Section V, or any portion thereof, is overdue. All penalties accruing under this Section shall be paid to the United States, in accordance with the procedures for payment to the United States specified in Paragraph 14 below.

12. All stipulated penalties under this Section shall automatically begin to accrue on the day after the payment is due, and shall continue to accrue until the date of full payment. Nothing herein shall prevent the simultaneous accrual of separate stipulated penalties for separate violations of this Consent Decree.

13.     Following the determination by the United States that defendant has failed to comply with a term or condition of this Consent Decree, the United States may provide written notice describing the noncompliance to defendant. The United States may send defendant a written demand for the payment of stipulated penalties. However, penalties shall accrue regardless of whether the United States has provided notice to defendant of its noncompliance.

14.     All payments to the United States under this Section shall be made by Electronic Funds Transfer and tendered to the United States Attorney, as provided in Section V (Payment of Assessment Costs) of this Consent Decree. A transmittal letter summarizing the violations for which the penalty payment is made shall accompany the payment and a copy of said letter and proof of Electronic Funds Transfer shall be sent to DOJ and DOI/USFWS in accordance with Section VIII (Form of Notice).

15.     The payment of stipulated penalties shall not alter in any way defendant's obligation to comply with all of the terms and conditions of this Consent Decree.

16.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued and are payable, in whole or in part, to it pursuant to this Consent Decree.

17.     Payment of stipulated penalties as set forth in this Section shall be in addition to any other rights or remedies available to the United States or the State Trustees by reason of the defendant's failure to comply with the requirements of this Consent Decree.

## VII.  LATE PAYMENT/NONPAYMENT

18.     If defendant fails to make any payment, or portion thereof, as specified in Section IV (Payment of Restoration Funds) or Section V (Payment of Assessment Costs) or to pay any

stipulated penalty accruing under Section VI (Stipulated Penalties) when due, defendant shall pay, in addition to any amount or unpaid balance owed under Section IV, Section V, or Section VI, interest and enforcement expenses in accordance with this Section.

19. Interest shall accrue on the unpaid balance of any amount due under Section IV (Payment of Restoration Funds) or Section V (Payment of Assessment Costs) or on any unpaid balance of stipulated penalties due under Section VI (Stipulated Penalties) at the rate specified in Section 1005(b)(4) of OPA, 33 U.S.C. § 2705(b)(4), calculated from the date such amount is due under this Consent Decree through the date of actual payment.

20. Interest on the unpaid balance of any amount due under Section IV (Payment of Restoration Funds) or Section V (Payment of Assessment Costs) shall be paid by defendant into the Restoration Account, in accordance with the payment procedures and directions set forth in Section IV. Interest on the unpaid balance of any amount due under Section VI (Stipulated Penalties) shall be paid by defendant in accordance with the provisions of that Section, including the procedures and directions for payment set forth in Paragraph 14, except that such payment shall bear an annotation stating the payment is for interest on stipulated penalties under Section VII of the Consent Decree.

21. Notwithstanding Section XV (Costs of Suit), defendant shall pay the enforcement expenses incurred by the United States and the State Trustees, including, but not limited to, attorneys' fees and costs, for any proceedings to collect any unpaid balance of any amount due under Section IV (Payment of Restoration Funds) or Section V (Payment of Assessment Costs) or to collect any unpaid balance of stipulated penalties due under Section VI (Stipulated Penalties).

## VIII. **FORM OF NOTICE**

22.   Except as specified otherwise, when written notification or reporting to, or communication with, the United States, DOJ, DOI/USFWS, the State Trustees, or the defendant is required by the terms of this Consent Decree, it shall be addressed as follows:

United States or DOJ:

Section Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Re: DOJ Case No. 90-5-1-1-07114

Overnight mail should be sent to the addressee at:

1425 New York Ave., N.W.
13th Floor
Washington, DC 20005

DOI/USFWS

Diane Duncan
Ecological Services Office
U.S. Fish and Wildlife Service
176 Croghan Spur Rd.  Suite 200
Charleston, SC 29407

Gerald A. Thornton
Nicklas Holt
Office of the Field Solicitor
U.S. Department of the Interior
530 South Gay Street, Room 308
Knoxville, TN 37902

State Trustees

Henry J. White
Chief Legal Counsel
Office of the Governor

P.O. Box 12267
Columbia, SC 29211

James A. Quinn
Assistant Chief Counsel
South Carolina Department of Natural Resources
P.O. Box 12559
Charleston, SC 29412

Ed Duncan
Environmental Programs Director
P.O. Box 12559
217 Fort Johnson Road
Charleston, SC 29412-2559

<u>Defendant</u>

David F. Sipple, Esquire
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
Savannah, Georgia 31412
Facsimile: 912-232-3253

Any party to this Consent Decree may change the address to which notices shall be sent by notifying all parties in writing at the above addresses.

## IX. <u>RELEASE AND COVENANTS NOT TO SUE BY PLAINTIFFS</u>

23.     In consideration of the payments that will be made under the terms of this Consent Decree, and except as specifically provided in Paragraph 25 (Reservation of Rights by Plaintiffs), the United States and the State Trustees each hereby release and covenant not to sue or take administrative action against Defendant ("Defendant" being defined in Section II above), or tender Defendant as a party in any action, relating to or arising from the Spill pursuant to OPA, the CWA, or any other federal, state, general maritime, or common law to recover natural resource damages arising from the Spill as well as costs for damage assessment, transaction,

restoration planning, implementation, monitoring, and oversight, and all other costs and damages associated with natural resource damage claims. This release and covenant not to sue shall take effect upon the date of entry of this Consent Decree. However, it is expressly conditioned upon the Defendant's full compliance with all terms of this Consent Decree, including payment of all amounts specified for payment in Section IV (Payment of Restoration Funds), Section V (Payment of Assessment Costs), Section VI (Stipulated Penalties), and Section VII (Late Payment/Nonpayment).

24.     The Release and Covenant Not to Sue by Plaintiffs set forth in this Section extends only to Defendant as defined in Section II above and not to any other person.

25.     <u>Reservation of Rights by Plaintiffs.</u> Notwithstanding any other provision of this Consent Decree, the United States and the State Trustees reserve, and this Consent Decree is without prejudice to, all rights against Defendant with respect to all matters other than those expressly specified in the release and covenant not to sue set forth in this Section, including, but not limited to: claims based upon a failure of the Defendant to meet a requirement of this Consent Decree; any claims against the Defendant arising from facts unrelated to the Spill; and any criminal liability.

## X. **RELEASE AND COVENANT NOT TO SUE BY DEFENDANT**

26.     In consideration of the release and covenant not to sue contained in Section IX (Release and Covenant Not to Sue by Plaintiffs), the Defendant, as defined in Section II above, hereby releases and covenants not to sue and agrees not to assert any claims or causes of action against the Plaintiffs with respect to the Spill, or tender Plaintiffs as parties in any action relating to the Spill, ("Plaintiffs" to include Plaintiffs' employees, agents, and contractors), including, but not

limited to, assertion or presentment of any claim to the Oil Spill Liability Trust Fund for removal costs or damages arising from the Spill, pursuant to Sections 1009 and 1013 of OPA, 33 U.S.C. §§ 2708, 2713.

## XI. PUBLIC NOTICE

27.  This Consent Decree shall be lodged with the Court for a period of not less than thirty days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the public comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. The defendant agrees to entry of this Consent Decree without further notice and shall not challenge entry. If, for any reason, the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any party and the terms may not be used for any purpose, including as evidence in any litigation.

## XII. EFFECT OF SETTLEMENT

28.  Upon approval and entry of this Consent Decree by the District Court, this Consent Decree shall constitute a final judgment between the plaintiffs and the defendant in accordance with its terms.

## XIII. EFFECTIVE DATE, MODIFICATION, AND TERMINATION

29.  This Consent Decree will take effect upon the date it is entered by the Court.

30.  Except to change the identity or address of persons receiving notification in Sections IV (Payment of Restoration Funds), V (Payment of Assessment Costs), VI (Stipulated Penalties) and VIII (Form of Notice), any modification of this Consent Decree must be in writing and approved by the parties to this Consent Decree and the Court before it will be deemed effective.

31. This Consent Decree shall terminate when defendant has (a) made all of the payments set forth in Sections IV (Payment of Restoration Funds), V (Payment of Assessment Costs) and VI (Stipulated Penalties) of this Consent Decree; (b) paid all interest and enforcement expenses, if any, as specified in Section VII (Late Payment/Non-Payment) and (c) no other monetary obligations due under this Consent Decree are outstanding.

32. Defendant shall initiate termination of this Consent Decree by providing written notice to the United States and the State Trustees that all conditions necessary for termination pursuant to Paragraph 31 have been satisfied. If the United States and the State Trustees agree with defendant's notification, the United States and/or the State Trustees shall file a motion or stipulation for termination of this Consent Decree.

## XIV. RETENTION OF JURISDICTION

33. Until the termination of this Consent Decree pursuant to Section XIII (Effective Date, Modification, and Termination), this Court shall retain jurisdiction over this action and all disputes arising hereunder for the purpose of implementing and enforcing the terms and conditions of this Consent Decree.

## XV. COSTS OF SUIT

34. Each party shall bear its own costs and attorneys' fees incurred in this action through the date upon which the Consent Decree is entered.

## XVI. SERVICE

35. With regard to matters relating to this Consent Decree and its enforcement and the filing of the Complaint, the defendant shall identify on the attached signature page the name, address, and telephone number of an agent who is authorized to accept service of process by mail on

behalf of that entity with respect to all matters arising under or relating to this Consent Decree and the filing of the Complaint. Defendant hereby agrees to accept service of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

ORDERED, Dated and ENTERED this 12th day of September, 2003.

UNITED STATES DISTRICT JUDGE

FOR THE PLAINTIFF UNITED STATES OF AMERICA

DATED: 6/18/03

THOMAS L. SANSONETTI (signed Kelly A. Johnson)
Acting Assistant Attorney General
Environment and Natural Resources Division

ANN C. HURLEY
Trial Attorney

15

Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5416
Facsimile: (202) 514-2583
Email: ann.hurley@usdoj.gov


J. STROM THURMOND, JR.
United States Attorney
District of South Carolina


By: _____
JOSEPH P. GRIFFITH, JR.
Assistant United States Attorney
District of South Carolina
Federal I.D. No. 2473
P.O. Box 978
Charleston, SC 29402
Telephone: (843) 727-4440
Facsimile: (843) 727-4443
Email: joseph.griffith@usdoj.gov


OF COUNSEL:

Gerald A. Thornton
Nicklas Holt
Office of the Field Solicitor
U.S. Department of the Interior
530 South Gay Street, Room 308
Knoxville, TN 37902

FOR THE PLAINTIFFS THE GOVERNOR OF THE STATE OF SOUTH CAROLINA AND THE DIRECTOR OF THE SOUTH CAROLINA DEPARTMENT OF NATURAL RESOURCES

DATED: 6-11-03

OFFICE OF THE GOVERNOR OF THE STATE OF SOUTH CAROLINA

BY: _____
HENRY J. WHITE
Chief Legal Counsel
Post Office Box 12267
Columbia SC 29211
Telephone:   803-734-5252
Facsimile:    803-734-5167

DATED: 5-30-03

SOUTH CAROLINA DEPARTMENT OF NATURAL RESOURCES

BY: _____
JOHN E. FRAMPTON
Director
South Carolina Department of Natural Resources
Post Office Box 167
Columbia SC 29202

BY: _____
JAMES A. QUINN
Assistant Chief Counsel
South Carolina Department of Natural Resources
Post Office Box 12559
Charleston SC 29422

FOR DEFENDANT BILLABONG II ANS:

DATED: May 28, 2003

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

BY: *Kirby G. Mason*
KIRBY G. MASON
Federal I.D. No. 7881
Attorney for Defendant Billabong II ANS

*David F. Sipple*
DAVID F. SIPPLE
Georgia State Bar No.: 694200
Attorney for Defendant Billabong II ANS

P.O. Box 9848
Savannah, GA 31412
Telephone: (912) 236-0261
Facsimile: (912) 232-3253
Email: dsipple@HunterMaclean.com
Kmason@HunterMaclean.com

Agent authorized to accept service of process by mail
on behalf of Defendant Billabong II ANS:

David Sipple
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
Savannah, GA 31412
(912)239-1984

18